UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

CLIFTON BOYD #145030,

                    Plaintiff,                           Case No. 2:07-cv-257

v.                                               Honorable Robert Holmes Bell

DAVID GUINN, et al.,

                    Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Clifton Boyd, a former inmate who was paroled on February 5, 2008, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Nurse Practitioner David Guinn, MDOC Health Care Marquette, Sandy Shuker, R.N., Dr. Astor Berhane, CMS Insurance Provider, Warden Gerald Hofbauer, and three John Doe Defendants.  In his complaint, Plaintiff claims that he began having pain in his neck on June 10, 2003, and kited health care at the Carson City Facility. Plaintiff was transferred to the Marquette Branch Prison (MBP) on or about February 2, 2005, and complained that he was suffering from continuing pain.  Plaintiff was subsequently examined by Defendant Guinn, who stated that the lump at the back of Plaintiff's neck was either a cyst or a lipoma.  Defendant Guinn offered to remove the growth and Plaintiff agreed.

Plaintiff states that he was not offered an informed consent form prior to surgery, which was performed under local anesthetic at the prison.  According to Plaintiff, Defendant Guinn told him that the procedure would take 15 to 20 minutes, but it actually took 1-1/2 to 2 hours. Defendant Guinn told Plaintiff that the scissors were dull, but that they were the only sterile scissors available and that they would have to "make do."  Upon completion of the procedure, Defendant Guinn stated that he had gotten most of the lipoma, but when Plaintiff asked to see the lipoma, Defendant Guinn told him that he had thrown it away.  Plaintiff asked why it was not being sent for pathology testing, and Guinn responded that it cost money and that the tissue was not cancerous. The wound was left open to drain and Plaintiff was given an antibiotic.  Plaintiff states that his wound was dressed with "sponge tape," which was changed daily and left his neck painful and raw.

Plaintiff states that after about two weeks, his wound had not closed and Nurse Dan called the doctor. Defendant Berhane examined Plaintiff and told him that Defendant Guinn would not be doing any further neck surgery. Defendant Berhane requested surgery on Plaintiff's behalf at Duane Water Hospital and after approximately eight weeks, it was approved. Plaintiff was operated on by Dr. Jerome Wisneski, who showed Plaintiff the tissue that he removed and sent it to the lab for pathology studies. The pathology report also revealed suture like material in the wound, although Defendant Guinn had not done any stitches. Plaintiff was returned to MBP after his surgery, but continued to suffer from pain in his neck.

Plaintiff was placed on Ultram for pain for a period of time, and was abruptly taken off the medication by Defendant Guinn, which Plaintiff claimed caused him to suffer symptoms of "detox." After three days of suffering, Plaintiff was placed on Motrin 800 mg, but because he could not eat and was unable to keep food down, he could not take the pills. Plaintiff filed grievances and eventually Dr. Crompton came in to address his pain maintenance and place Plaintiff on Elavil.

Plaintiff claims that Defendants' conduct violated his rights under the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, as well as fees and costs.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person."  *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004).  If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898,  the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment."  *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farme*r, 511 U.S. at 834).  Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts

or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5

(6th Cir. 1976); *see also, Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).  Therefore, the undersigned recommends dismissal of Plaintiff's complaint.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 9, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).